gave judgment for the full amount of the notes and interest, from which defendants took an appeal to this court. The court finds no error of law to which exception was taken, and that there was no such preponderance of evidence in favor of the defendants as would justify the court in interfering with the finding of the court below. Opinion PER CURIAM. Judge below, ELLIOTT ANTHONY. Attorneys, for appellants, Mr. CHARLES J. BEATTIE ; for appellee, MESSRS. DENT, BLACK & CRATTY BROS. Opinion filed Jan. 6, 1886.

No. 62—2176. John D. Caton v. Andrew Bloom. This was an action on the case brought by appellee against appellant, to recover for the loss of a hand, through the alleged negligence of appellant in failing to provide and keep in repair suitable machinery for operating a stone-crushing drop hammer, which appellee was tending while in appellant's service as a laborer. There was a judgment and verdict for the plaintiff in the court below, for $4,000, and the defendants brought the case here by appeal. The evidence tended to show that appellee's hand was caught and crushed under the falling hammer while he was operating the same in the exercise of ordinary care, and that the injury was the result of a defect in the machinery which worked the hammer. Whether appellant used reasonable care and diligence in providing and maintaining machinery that was safe, was a question of fact falling peculiarly within the province of the jury to determine ; and this was the principal subject of controversy at the trial. The evidence was conflicting. The jury who saw and heard the witnesses must be presumed to be better able to judge as to the weight of the evidence than this court can be, and their finding should not be disturbed unless it is against the clear preponderance of the evidence. Judgment affirmed. Opinion PER CURIAM. Judge below, ROLLIN S. WILLIAMSON. Attorneys, for appellant, Mr. CHAS. E. TOWNE ; for appellee, Mr. WILLIAM HOYNES and Mr. JOHN GIBBONS. Opinion filed Jan. 6, 1886.

No. 53—2167. Frank F. Cole v. John T. Cosgrove. This was trover, by Cosgrove against Cole, to recover damages for the wrongful conversion of a stock of boots and shoes which had been pledged by the former to the latter. The plaintiff, upon the verdict of the jury, had judgment for $7,842.55,

and defendant brings error to this court. The evidence shows, beyond controversy, the commission by Cole while such pledgee of fraudulent acts respecting said goods, so inconsistent with his duties as pledgee thereof as to terminate the bailment and render him liable in this action for the loss of the goods. In such a case errors in the instructions not affecting the measure of damages become immaterial, if any such exist and as the pleadings stand the court finds none, as respects damages, of so serious a character as not to be remedied here. Upon full consideration of all the evidence, the court is of opinion that the damages shown amounted to the sum of five thousand and five hundred dollars, and that all given by the jury in excess of that amount are excessive. Judgment modified. Opinion PER CURIAM. Judge below, ROLLIN S. WILLIAMSON. Attorneys, for plaintiff in error, Mr. ROBERT HERVEY and Messrs BARNUM, RUBENS & AMES ; for defendant in error, Messrs. SLEEPER & WHITON and Mr. L. M. SHREVE. Opinion filed Jan. 6, 1886.

No. 81—2195. The Pennsylvania Co. v. Chandler S. Redfield et al. This was an action by appellant against appellees as sureties upon the bond of one Broomhall, for the faithful performance of the duties of the latter as agent of appellant at Englewood, in this county. The breach assigned was the failure of said Broomhall to pay over to the proper agent of the appellant the sum of three thousand dollars, which had come into the hands of said Broomhall as agent of appellant, at Englewood, aforesaid; which breach the defendants traversed by plea. The case was tried by the court without a jury, and the court found the issues for plaintiff ; the debt, the penalty mentioned in the bond, and damages in the sum of fifteen hundred and nineteen dollars ; upon which finding judgment in proper form was given. The plaintiff brings the case here by appeal, and assigns for error, that the amount of damages found should have been larger. The court is of opinion that appellant's counsel have failed to point out of the complicated mass of evidence in the record, the evidence which demonstrates the error relied upon. The mere conclusion of witnesses upon a question which the court, sitting in the place of a jury, was just as competent to determine as the witnesses, will not suffice to establish that clear weight and preponderance required by